# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs March 6, 2012

## STATE OF TENNESSEE v. CURTIS BLACKMON

**Appeal from the Criminal Court for Shelby County**
**Nos. 10-01211-12      W. Mark Ward, Judge**

---

**No. W2011-00963-CCA-R3-CD  - Filed May 10, 2012**

---

Following a jury trial, the defendant, Curtis Blackmon, was convicted in the Shelby County Criminal Court in case number 10-01211 of the November 18, 2009 unlawful sale of cocaine, possession of cocaine with the intent to sell, and possession of cocaine with the intent to deliver, and in case number 10-01212 of the November 19, 2009 unlawful sale of cocaine, possession of cocaine with the intent to sell, and possession of cocaine with the intent to deliver.  The trial court subsequently merged counts two and three with the first count of the indictment in each case and sentenced the defendant to two concurrent terms of eight years. The sole issue the defendant raises on appeal is whether the evidence was sufficient to sustain his convictions.  Following our review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J., and JAMES CURWOOD WITT, JR., J., joined.

Harry E. Sayle, III (on appeal) and Jennifer Johnson (at trial), Assistant Public Defenders, for the appellant, Curtis Blackmon.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Kate Edmands and Jose Leon, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

## FACTS

This case arises out of a Memphis police officer's November 18 and 19, 2009 undercover purchases of crack cocaine from the defendant in the New Chicago neighborhood

of Memphis. Memphis Police Officer Geremy Moore, who was assigned to the Organized Crime Unit ("OCU") in November 2009, testified that on November 18 and November 19, 2009, he went to 823 Ayers to purchase drugs in his capacity as an undercover officer. He was familiar with the home because he had bought drugs there from John King and one other individual on at least five previous occasions. On the afternoon of November 18, 2009, he drove to the house in a Chevrolet pickup truck with a pressure washer in back, parked one house down, and walked to the door. The defendant, whom he had seen at least three times before, opened the door, let him in, and asked him what he wanted. He first asked the defendant if John was there. When the defendant answered that he was not, he asked the defendant for "a dime," meaning $10 worth of crack cocaine. He then handed the defendant two five-dollar bills and the defendant took some crack cocaine from his pocket and handed it to him. At that point, he returned to his truck and placed the cocaine in an evidence envelope, which he later brought to the secure lockbox at the OCU. The entire transaction with the defendant took approximately a minute and a half. Although he was not certain, he believed that there may have been other individuals in the back of the house at the time the sale took place.

The next afternoon he returned to the home and repeated the procedure, with the exception of asking the defendant for $20 worth of crack cocaine instead of the $10 worth he had bought the day before. There were "[m]aybe a couple" of other men in the house at the time. Officer Moore testified that the defendant took some crack cocaine from his pocket and handed it to him and that he, in turn, handed the defendant two ten-dollar bills. He then left the house, returned to his truck, and placed the cocaine in an evidence envelope, which he later brought to the OCU's secure lockbox. Officer Moore said he later identified the defendant as the man who had sold him the drugs by picking his photograph from a six-person photographic array prepared by another Memphis police officer. He identified in the courtroom the videotape of his two transactions with the defendant, which was played for the jury. Officer Moore explained that the defendant was not visible in the second video transaction, although his voice was audible, because the hidden camera he wore during the transaction had fallen down into his clothing.

Tennessee Bureau of Investigation Special Agent Forensic Scientist John Scott, Jr., testified that he determined from his analyses of the substances that the substances Officer Moore bought consisted of .1 and .2 grams of cocaine base.

The defendant testified that in November 2009 he was employed as a driver with a medical transport company and sharing 823 Ayers, a duplex, with four roommates, all of whom sold drugs out of the home. In addition, John King, a man from the neighborhood, frequently sold drugs from the home as well. The defendant admitted that he was present during his roommates' drug sales and was in the home during the November 18 and 19, 2009

-2-

undercover drug transactions with Officer Moore. He denied, however, that he sold drugs to Officer Moore on either November 18 or 19, 2009. He claimed, in fact, that he never sold any drugs from the home and that Officer Moore was lying in retaliation for his having filed a complaint in January 2010 with the Memphis Police Department's Internal Affairs Division against the OCU, in which he alleged that they used excessive force while executing a search warrant at his residence. The defendant was convicted on all charges.

## ANALYSIS

The sole issue the defendant raises on appeal is whether the evidence was sufficient to sustain his convictions. In considering this issue, we apply the rule that where sufficiency of the convicting evidence is challenged, the relevant question of the reviewing court is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979); see also Tenn. R. App. P. 13(e) ("Findings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support the findings by the trier of fact of guilt beyond a reasonable doubt."); State v. Evans, 838 S.W.2d 185, 190-92 (Tenn. 1992); State v. Anderson, 835 S.W.2d 600, 604 (Tenn. Crim. App. 1992).

All questions involving the credibility of witnesses, the weight and value to be given the evidence, and all factual issues are resolved by the trier of fact. See State v. Pappas, 754 S.W.2d 620, 623 (Tenn. Crim. App. 1987). "A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State." State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973). Our supreme court stated the rationale for this rule:

> This well-settled rule rests on a sound foundation. The trial judge and the jury see the witnesses face to face, hear their testimony and observe their demeanor on the stand. Thus the trial judge and jury are the primary instrumentality of justice to determine the weight and credibility to be given to the testimony of witnesses. In the trial forum alone is there human atmosphere and the totality of the evidence cannot be reproduced with a written record in this Court.

Bolin v. State, 219 Tenn. 4, 11, 405 S.W.2d 768, 771 (1966) (citing Carroll v. State, 212 Tenn. 464, 370 S.W.2d 523 (1963)).

"A jury conviction removes the presumption of innocence with which a defendant is initially cloaked and replaces it with one of guilt, so that on appeal a convicted defendant has

the burden of demonstrating that the evidence is insufficient." State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).

The defendant contends that the evidence was insufficient for the jury to find him guilty of the crimes beyond a reasonable doubt because "neither the video nor audio account of the meetings unequivocally support[ed]" that he actually sold the cocaine to Officer Moore, which left only the testimony of Officer Moore that the defendant sold him crack cocaine on November 18 and 19, 2009. The defendant also cites his own testimony in which he admitted he was present but denied having sold any cocaine to Officer Moore. However, by its guilty verdicts, the jury obviously accredited the testimony of Officer Moore over that of the defendant, which was within its province as the trier of fact. We conclude, therefore, that the evidence was sufficient to sustain the defendant's convictions.

## **CONCLUSION**

Based on the foregoing authorities and reasoning, we affirm the judgments of the trial court.

_____
ALAN E. GLENN, JUDGE